# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

| | | |
|---|---|---|
| BRANDON Q. SHAW, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | No. 4:17-cv-744-JMB |
| | ) | |
| MARK RODEBAUGH, et al., | ) | |
| | ) | |
| Defendants. | ) | |

### MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff Brandon Q. Shaw, an inmate at the Missouri Eastern Correctional Center, for leave to commence this civil action without prepayment of the required filing fee. The motion will be granted, and plaintiff will be given leave to file an amended complaint.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

In support of the instant motion, plaintiff submitted an affidavit and a certified inmate account statement showing average monthly deposits of $72.07. The Court therefore assesses an initial partial filing fee of $14.41, twenty percent of plaintiff's average monthly deposit.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief under § 1983, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to, *inter alia*, draw upon judicial experience and common sense. *Id*. at 679.

A Court must liberally construe a *pro se* complaint, and must accept as true the factual allegations therein. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, even *pro se* complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). The tenet that a court must accept a complaint's allegations as true is inapplicable to legal conclusions. *Iqbal*, 556 U.S. at 678. In addition, affording a *pro se* complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted

so as to excuse mistakes by those who proceed without counsel. *See McNeil v. U.S.*, 508 U.S. 106, 113 (1993).

## The Complaint

The complaint spans over 140 pages. It is accompanied by over 350 pages of exhibits. Plaintiff names ten defendants. The allegations in the complaint concern unrelated events that occurred at different times over a period of approximately ten years, beginning during a criminal investigation and apparently ending during collateral review proceedings. The complaint is not only far too long, it is overly wordy, it is largely comprised of legally conclusory statements, and it fails to allege exactly what each individual defendant did to violate plaintiff's rights.

It is impermissible to bring multiple claims against multiple parties.[1] Because plaintiff is proceeding *pro se* and *in forma pauperis*, and because leave to amend should be freely given when justice so requires, Fed. R. Civ. P. 15(a), the Court will give plaintiff the opportunity to submit an amended complaint. Plaintiff is instructed to select the transaction or occurrence he wishes to pursue, and file an amended complaint limiting the facts and allegations to the defendant(s) involved therein. *See* Fed.R.Civ.P. 20(a)(2). In the alternative, plaintiff may select a single defendant and allege all of the claims he has against that defendant. *See* Fed.R.Civ.P. 18(a).

Plaintiff is reminded that he is required to submit the amended complaint on a court-provided form, and it must comply with Rules 8 and 10 of the Federal Rules of Civil Procedure.

---

[1] Rule 18(a) of the Federal Rules of Civil Procedure states: "A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party."

Rule 20(a)(2) of the Federal Rules of Civil Procedure allows for joinder of defendants if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and . . . any question of law or fact common to all defendants will arise in the action."

In the "Caption" section of the form complaint, plaintiff shall set forth the name of the defendant or defendants he wishes to sue. In the "Statement of Claim" section, plaintiff should begin by typing or legibly printing the defendant's name and title, and under that name and title, set forth in separate numbered paragraphs the factual allegations supporting his claim(s) as to that particular defendant as well as the right(s) that he claims that particular defendant violated. If plaintiff is suing more than one defendant, he shall proceed in this manner with each one, separately setting forth each individual name and under that name, in numbered paragraphs, the allegations specific to that particular defendant and the right(s) that particular defendant allegedly violated. It is insufficient to refer to several defendants and state that they violated his federal rights. Instead, plaintiff must allege how each defendant is personally responsible for violating his federal rights.

Plaintiff is cautioned that he must avoid using overly wordy language, and he must avoid setting forth legal conclusions. Instead, plaintiff must set forth **short and plain statements** showing that he is entitled to relief. *See* Fed. R. Civ. P. 8(a)(2). The allegations must be simple, concise, and direct, and the numbered paragraphs must each be limited to a single set of circumstances related to the transaction or occurrence of which plaintiff is complaining. Because the Court is allowing plaintiff to file an amended complaint, it will take no action as to any named defendant at this time.

**If plaintiff wishes to pursue additional claims against additional defendants, and the claims do not arise from the same transaction or occurrence he has chosen to advance, he must file each separate claim(s) on a separate complaint form in a separate civil action, and either pay the statutory filing fee or file a motion for leave to proceed in forma pauperis in such separate civil action.**

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed *in forma pauperis* (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff must pay an initial filing fee of $14.41 within twenty-one (21) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that plaintiff shall submit an amended complaint in accordance with the instructions herein no later than twenty-one (21) days from the date of this Memorandum and Order.

**Plaintiff is cautioned that his failure to timely comply shall result in the dismissal of this action without prejudice and without further notice.**

Dated this 22nd day of February, 2017.

/s/ ***John M. Bodenhausen***
JOHN M. BODENHAUSEN
UNITED STATES MAGISTRATE JUDGE