UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| BRANDON Q. SHAW, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:17-CV-744-CAS |
| | ) | |
| MARK RODEBAUGH, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon review of the file. Plaintiff, an inmate at the Missouri Eastern Correctional Center, initiated this case on February 16, 2017, and filed a motion for leave to proceed *in forma pauperis*. On February 22, 2017, the Court granted the motion and conducted initial review, and noted numerous defects. For example, the complaint named ten defendants (including judges, the governor of the State of Missouri, and the Circuit Attorney for the City of St. Louis) and asserted numerous unrelated claims against them. The claims concerned events that occurred over a decade, beginning during a criminal investigation and ending during collateral review proceedings. In addition, the complaint contained little more than conclusory statements, and failed to allege what each individual defendant did to violate plaintiff's rights. The Court gave plaintiff an opportunity to submit an amended complaint to cure the defects, and also directed him to submit an initial partial filing fee of $14.41. The Court cautioned plaintiff that his failure to timely respond would result in the dismissal of his case without further notice. His response to the Court was due on March 15, 2017.

To date, plaintiff has neither filed an amended complaint nor sought additional time to do so. Plaintiff was given meaningful notice of what was expected, and cautioned that his case

would be dismissed if he failed to timely comply. Therefore, this action will be dismissed without prejudice due to plaintiff's failure to prosecute his case and his failure to comply with this Court's February 22, 2017 order. Fed. R. Civ. P. 41(b); see also Dudley v. Miles, 597 F. App'x 392 (8th Cir. 2015) (per curiam) (affirming dismissal without prejudice where pro se plaintiff failed to file an amended complaint despite being cautioned that dismissal could result from failure to do so); Fitzwater v. Ray, 352 F. App'x 125, 126 (8th Cir. 2009) (per curiam) (district court did not abuse its discretion in dismissing action without prejudice when the pro se plaintiffs failed to comply with an order "directing them to file within fourteen days an amended complaint in conformity with Rule 8"); Brown v. Frey, 806 F.2d 801, 803-04 (8th Cir. 1986) (a district court has the power to dismiss an action for the plaintiff's failure to comply with any court order).

Accordingly,

**IT IS HEREBY ORDERED** that this case is **DISMISSED** without prejudice. A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel (Docket No. 4) is **DENIED** as moot.

**IT IS HEREBY CERTIFIED** than an appeal from this dismissal would not be taken in good faith.

 /s/ Charles A. Shaw
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this   13th   day of April, 2017.

2